**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL ANTHONY DAVALOS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:26-cv-07157** |
| | § | |
| **FREEDOM MORTGAGE CORPORATION,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL

Defendant Freedom Mortgage Corporation ("Freedom") files this its Notice of Removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446. In support of this Notice, Freedom states as follows:

## SUMMARY

1. Plaintiff Michael Anthony Davalos ("Plaintiff") filed this action on November 2, 2026 in the 131st District Court of Bexar County, Texas, as cause number 2026CI26431 in the matter styled *Michael Anthony Davalos v. Freedom Mortgage Corporation* (the "State Court Action"). Pursuant to sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendant removes this case to the United States District Court for the Western District of Texas, San Antonio Division, the Judicial District and Division in which this action is pending.

2. The allegations in Plaintiff's *Original Petition and Application for Temporary Restraining Order* ("Petition") relate to a loan agreement involving the real property commonly known as 131 Hallie Cove, San Antonio, Texas 78227 ("Property"). Plaintiff's Petition alleges that after Plaintiff purchased the Property in 2021, he experienced financial difficulties. (Petition at ¶ 22.) Plaintiff also alleges that from 2022 to 2024, Plaintiff worked with Freedom and signed

loan modifications. (*Id.*) According to the Petition, "the loan fell behind" in early 2026. (*Id.* at ¶ 24) The Petition further alleges Plaintiff applied for hardship assistance and a loan modification, but Freedom denied his applications. (*Id.* at ¶ 26.) Finally, the Petition alleges Plaintiff anticipates obtaining sufficient funds in December 2026 to cure the default.

3. Based on these allegations, Plaintiff brings a cause of action for declaratory judgment and seeks monetary damages and non-monetary relief, including temporary injunctive relief, permanent injunctive relief, declaratory relief, and equitable relief. (Petition at ¶¶ 2; 50-54; and Prayer.) The Petition alleges Plaintiff has a contractual right to reinstate the loan and questions whether Freedom gave the notices required by paragraph 24 of the Deed of Trust or completed the review allegedly required by HUD's regulations prior to acceleration and the scheduled sale. (*Id.* at 35-36.)

4. A copy of the Docket Sheet from the State Court Action is attached as Exhibit A. Copies of all pleadings filed in the State Court Action are attached as Exhibit B.

5. This Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b) because Freedom was not served with process. 28 U.S.C. § 1446(b)(2).

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the properly joined parties are diverse and the amount in controversy is well in excess of $75,000.00 exclusive of interest and costs.

### A. There is complete diversity between Plaintiff and Defendant.

7. Plaintiff is an individual domiciled in the state of Texas. (*See* Petition at ¶¶ 5; 22-25; 27; 37.) As such Plaintiff is considered a citizen of Texas for purposes of diversity.

8. Defendant Freedom Mortgage Corporation is a New Jersey corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Freedom's principal place of business is in Florida. As such, Freedom is a citizen of New Jersey and Florida for purposes of diversity jurisdiction.

**B. The amount in controversy exceeds $75,000.00.**

9. The amount in controversy exceeds the sum or value of $75,000.00.

10. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy "is the value of the right to be protected or the extent of the injury to be prevented." *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Lamarr v. Chase Home Finance, LLC*, Civ. No. 1:07CV141-SA-JAD, 2008 U.S. Dist. LEXIS 67551 at *6-8, 2008 WL 4057301 (N.D. Miss. Aug. 26, 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, Civil No. 94-2580 C/W 94-3692 Section "N", 1995 U.S. Dist. LEXIS 2950, at *3, 1995 WL 96617, *1 (E.D. La. Mar. 6, 1995) (holding that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing . . . .").

11. As set forth above, Plaintiff seeks declaratory and injunctive relief in the form of a temporary restraining order, temporary injunction, and permanent injunction enjoining Defendant from proceeding with the foreclosure sale of the Property. (*See* Petition at ¶¶ 2; 33-49 and Prayer.) In doing so, Plaintiff put at issue the entire value of the Property. The Bexar County

Appraisal District values the property at $182,670.00. *See* Exhibit C-1. If Plaintiff is granted the relief requested, Freedom will lose the ability to enforce its lien interest in the Property for at least a period of time, if not permanently. Accordingly, the relief Plaintiff seeks places at issue the value of the Property, which is well in excess of $75,000.00.

**VENUE**

21. Venue for removal is proper in this District and Division under 28 U.S.C. § 1441(a) because this district and division embrace the 131st District Court of Bexar County, Texas, the forum in which the removed action was pending.

**NOTICE**

22. Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the 131st District Court of Bexar County, Texas.

Respectfully submitted,

*/s/ Vivian N. Lopez*

**Vivian N. Lopez**
Texas Bar No. 24129029
vlopez@tmppllc.com
**Dustin C. George**
Texas Bar No. 24065287
dgeorge@tmppllc.com
**TROMBERG, MILLER, MORRIS & PARTNERS, PLLC**
6080 Tennyson Pkwy. Ste. 100
Plano, Texas 75024
Phone: (972) 532-0128
Fax: (214) 291-5507

*Attorney for Defendant Freedom Mortgage Corporation*

## LIST OF ALL KNOWN COUNSEL OF RECORD

For Defendant Freedom Mortgage Corporation:

Vivian N. Lopez
Texas Bar No. 24129029
vlopez@tmppllc.com
Dustin George
Texas Bar No. 24065287
dgeorge@tmppllc.com
**Tromberg, Miller, Morris & Partners, PLLC**
6080 Tennyson Pkwy., Ste. 100
Plano, Texas 75024
Phone: (972) 532-0128
Fax: (214) 291-5507

For Plaintiff Michael Anthony Davalos:

Celeste Ann Brown
Texas Bar No. 00789178
The Law Office of Celeste A. Brown, PLLC
P.O. Box 790272
San Antonio, Texas 78279
celeste@celestebrownlaw.com
admin@celestebrownlaw.com
Telephone: (210) 430-8500

## INDEX OF DOCUMENTS ATTACHED

Exhibit A — Copy of the Docket Sheet for Cause No. 2026CI26431, in the 131st District Court of Bexar County, Texas;

Exhibit B — Pleadings in Cause No. 2026CI26431, in the 131st District Court of Bexar County, Texas;

- B-1 — Plaintiff's Original Petition and Application for Temporary Restraining Order;
- B-2 — Temporary Restraining Order dated November 2, 2026; and
- B-3 — Surety Bond to Support Temporary Restraining Order.

Exhibit C — Declaration of Vivian N. Lopez;

- C-1 — Copy of the Bexar County Appraisal District Property Search Results for the property located at 131 Hallie Cove, San Antonio, Texas 78227.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November 2026 a true and correct copy of the foregoing was served via regular U.S. mail and email on the following parties:

Celeste Ann Brown
The Law Office of Celeste A. Brown, PLLC
P.O. Box 790272
San Antonio, Texas 78279
celeste@celestebrownlaw.com
admin@celestebrownlaw.com
*Attorney for Plaintiff*

*/s/ Vivian N. Lopez*
**VIVIAN N. LOPEZ**